O

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

| | | |
|---|---|---|
| BEHIJA MANDIC | * | |
| | * | |
| Plaintiff, | * | |
| VS. | * | CIVIL ACTION NO. L-06-161 |
| | * | |
| MICHAEL GENE CHIOCCHIO AND | * | |
| WERNER ENTERPRISES, INC., | * | |
| | * | |
| Defendants. | * | |

| | | |
|---|---|---|
| ALMA SMAILBEGOVIC, | * | |
| | * | |
| Plaintiff, | * | |
| VS. | * | CIVIL ACTION NO. L-06-162 |
| | * | |
| MICHAEL GENE CHIOCCHIO AND | * | |
| WERNER ENTERPRISES, INC., | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM

The above two cases on this Court's docket are virtually identical. Both are tort claims for damages resulting from the death of Rajid Mandic allegedly caused by Defendant Michael Gene Chiocchio while in the scope of his employment with Defendant Werner Enterprises, Inc. The incident occurred in a parking lot near Interstate Highway 40, in the area of Amarillo, Texas. The deceased, Rajid Mandic, was a resident of the State of Kentucky. Defendant Chiocchio is alleged to be a citizen of New Mexico. Defendant Werner Enterprises, Inc. is alleged to be a Nebraska

corporation, doing business in various States. Plaintiff Behija Mandic is the surviving mother of the deceased. She is a foreign citizen, residing in Sarajevo. Plaintiff Alma Smailbegovic is a resident of Kentucky who has been named as the administratrix of the estate of the deceased.

Defendants have moved for either dismissal or transfer of these cases because of improper venue. Plaintiff Mandic seeks time to discover whether Defendant Werner actually resides in the State of New Mexico, although she expresses her "understanding and belief" that such is the case. Plaintiff Smailbegovic has expressed the same understanding. Indeed, her reliance on 28 U.S.C. §1391(a) is based on that assumption. Defendant Werner does not expressly admit or deny being a resident of New Mexico. Rather it claims to be "a resident of several states where it routinely does business," but attacks Plaintiffs' use of §1391(a), which is based on the assumption of New Mexico residency.

If Werner is not a resident of New Mexico, the Court would next have to consider §1391(a)(2), but it is abundantly clear "that a substantial part of the events or omissions giving rise to the claim" did not occur in the Southern District of Texas. Likewise, §1391(a)(3) would be inapplicable, because there is another district in which this case could be brought. Thus, Plaintiffs only possible basis for venue would be §1391(a)(1), applicable when "all defendants reside in the same State." The Court will

2

therefore assume arguendo that Werner is a resident of New Mexico.

To maintain venue under (a)(1), Plaintiffs must construe that provision to mean that if two defendants reside in the same State, a plaintiff can then file suit in a different State so long as one of the defendants also resides in that other State. This argument is possible because of §1391(c), which provides that a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. The Court agrees with the Defendants and with the decision in Dashman v. Peter Letterese & Assocs., Inc., 999 F. Supp. 553 (S.D. N.Y. 1998), that Plaintiffs cannot sustain venue under §1391(a)(1). The proper construction of that subsection is that if all defendants reside in the same State, then venue may lie in that State, in the judicial district where either defendant resides. Section 1391(a)(1) does not mean that so long as the defendants reside in the same State, venue becomes proper in some other State because one of the defendants is a corporation with multiple residences.

For the foregoing reasons, the Court concludes that venue is not proper in the Laredo Division, or indeed any division, of the Southern District of Texas. The Court agrees with Plaintiff Mandic that transfer is more appropriate than dismissal of these cases. Both Defendants and Plaintiff Mandic ask that the case be transferred to Amarillo, which certainly appears to be a logical venue. Accordingly, the Court shall enter an order transferring

3

both of these cases to the Northern District of Texas, Amarillo Division.

The Plaintiffs in each case also seek consolidation of the cases. Defendants object, primarily on technical grounds not germaine here, since both cases are on the docket of the same judge. Defendants also make the odd suggestion that, if these cases are consolidated, they should somehow be joined with "another case involving this same accident filed by the administratrix in Kentucky." The Court is unaware of any mechanism for achieving that kind of consolidation. In any event, these two Texas cases clearly should be consolidated. However, because the cases will be transferred, the Court finds it more appropriate for the Northern District Court to make that decision.

DONE at Laredo, Texas, this 8th day of January, 2007.

George P. Kazen
United States District Judge